IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CRYSTAL WEBB & GARY WEBB,                )
                                          )
            Plaintiffs,                   )
                                          )
vs.                                       )   Case No. 12–cv–0994–MJR–DGW
                                          )
R.V. WAGNER, INC.,                        )
                                          )
            Defendant.                    )

# MEMORANDUM & ORDER

**REAGAN, District Judge:**

## BACKGROUND

The Poplar Street Bridge ("the bridge") spans the Mississippi River between St. Louis, Missouri, and East St. Louis, Illinois. Built in 1967, it has an orthotropic steel deck, which consists of flat, thin steel plates stiffened by longitudinal ribs and transverse beams.[1] The decking surface atop the steel plates has been replaced four times since 1967, most recently in 2006.[2] The Missouri Department of Transportation has described the 2006 surface as "exhibiting a lot of delaminations and [costing] a lot of time and expense to keep patched in the last few years."[3] The 2006 surface was patched in 2011.

Defendant R.V. Wagner, Inc. ("Wagner"), a construction contractor, performed repairs on the deck surface that year. According to the instant complaint, Plaintiffs Crystal and Gary Webb were riding a motorcycle over the bridge on April 5, 2011, and struck a hole in the paved surface of

---

[1] *See* U.S. Dep't of Transp., Fed. Hwy. Admin., *Manual for Design, Construction, and Maintenance of Orthotropic Steel Deck Bridges* 4, 13 (2012), *available at* http://www.fhwa.dot.gov/bridge/pubs/if12027/if12027.pdf.

[2] Commuters often complain about the seemingly constant construction on the Poplar Street, perhaps for good reason. California's San Mateo-Hayward Bridge—another orthotropic steel deck bridge—was built the same year as the Poplar Street, still has its original deck surface. *See id.* at 13.

[3] Missouri Dep't of Transp., *Request for Information—Poplar Street Bridge Resurfacing* 2 (2012), *available at* http://modot.org/bidding/documents/Poplar-Street-Bridge-RFI-FINAL.pdf.

the bridge decking. Plaintiffs sued Wagner in Illinois state court on July 20, 2012, alleging Wagner's negligent failure to erect barricades, warning signs, or similar devices caused them serious injuries. Wagner removed the case to this Court in September 2012.

The case comes before on Wagner's motion for summary judgment, in which it asserts it did not begin work on the bridge until after Plaintiffs' motorcycle collision and cannot, therefore, be liable for Plaintiffs' injuries. Plaintiffs filed a response, and the motion ripened with Wagner's October 25 reply. For the reasons explained below, the Court **DENIES** the motion (**Doc. 17**).

LEGAL STANDARDS

1. **Summary Judgment Standard**

The parties do not dispute that the federal summary judgment standard applies in this diversity case, or that Illinois law will control the substantive issues. *See Nationwide Ins. Co. v. Cent. Laborers' Pension Fund*, 704 F.3d 522, 525 (7th Cir. 2013); *Reid by Reid v. Norfolk & W. Ry.*, 157 F.3d 1106, 1110 n.2 (7th Cir. 1998). Summary judgment—which is governed by Federal Rule of Procedure 56—is proper only if the admissible evidence considered as a whole shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 517 (7th Cir. 2011) **(citing FED. R. CIV. P. 56).** The party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings, affidavits and/or information obtained via discovery—the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, **477 U.S. 317, 323 (1986).**

After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). *See also Serednyj v. Beverly Healthcare, LLC*, **656 F.3d 540, 547 (7th Cir. 2011) ("When a summary judgment motion is submitted and supported by evidence . . . the nonmoving party may not rest on mere allegations or denials in its**

**pleadings")**. A mere scintilla of evidence supporting the non-movant's position is insufficient to overcome summary judgment; a non-movant will prevail only when it presents definite, competent evidence to rebut the motion. *Estate of Escobedo v. Martin*, **702 F.3d 388, 403 (7th Cir. 2012);** *Parent v. Home Depot U.S.A., Inc.*, **694 F.3d 919, 922 (7th Cir. 2012).** Summary judgment is only appropriate if, on the evidence provided, no reasonable juror could return a verdict in favor of the non-movant. *Carlisle v. Deere & Co.*, **576 F.3d 649, 653 (7th Cir. 2009).**

The Court's role on summary judgment is not to evaluate the weight of the evidence, to judge witness credibility, or to determine the truth of the matter, but rather to determine whether a genuine issue of triable fact exists. *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, **528 F.3d 508, 512 (7th Cir. 2008).** The Court considers the facts in a light most favorable to the non-movant—here, Plaintiffs. *Srail v. Vill. of Lisle*, **588 F.3d 940, 948 (7th Cir. 2009).**

2. **Substantive Illinois Law**

Prevailing in an Illinois negligence action requires a plaintiff to establish (1) that the defendant owed a duty of care; (2) that the defendant breached that duty; and (3) that the breach proximately caused the plaintiff's injury. *Binz v. Brandt Constr. Co.*, **301 F.3d 529, 532 (7th Cir. 2003) (applying Illinois law).**

When a contractor creates a danger, it also takes on a duty to give warnings of that danger. *Mora v. State of Ill.*, **369 N.E.2d 868, 871–72 (Ill. 1977) (collecting cases).** A contractor who creates an uneven surface, an excavation, or break in pavement must adequately warn of the condition. *Id.* **at 872.** While the existence of a duty is generally a question of law, a dispute of material fact affecting the existence of an undertaking of a duty renders summary judgment improper. *Bourgonje v. Machev*, **841 N.E.2d 96, 106 (Ill. Appt. Ct. 2005);** *Protective Ins. Co. v. Coleman*, **494 N.E.2d 1241, 1245 (Ill. App. Ct. 1986).** Further, in Illinois, whether a

3

defendant's act or omission represents a breach of duty—and whether that action or omission proximately caused the plaintiff's injury—are generally issues of fact to be decided by a jury.

## ANALYSIS

Relying on the deposition of its president, Defendant argues it did not begin working on the bridge decking until April 8, 2011—three days after Plaintiffs' collision. When presented with statements to the contrary, Defendant argues those statements constitute inadmissible hearsay, and are therefore insufficient to forestall summary judgment.

Defendant is generally correct that Plaintiff may not rely on inadmissible hearsay from an affidavit or deposition to oppose a summary judgment motion. *Bombard v. Fort Wayne Newspapers*, 92 F.3d 560, 562 (7th Cir. 1996). *Accord Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 533 (7th Cir. 2003). Hearsay is a statement—other than one made by the declarant while testifying at a trial or hearing—offered in evidence to prove the truth of the matter asserted. **FED. R. EVID. 801(c);** *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). And much of the evidence Plaintiffs bring to bear is hearsay, including deposition testimony from a bridge worker who heard from a friend that Wagner workers had started repairs before April 5, 2011, statements from friends and a paramedic about the presence of cut-out holes in the decking, and a signed letter from a laborer claiming to have worked for Wagner on the bridge before April 5, 2011.[4]

But Plaintiffs produce enough admissible evidence that a genuine issue of material fact exists here. Plaintiff Gary Webb, the motorcycle driver, depones that on prior bridge crossings within a month of the accident, he saw construction activity on the deck surface. (Doc. 17-2, 13–15) He did not see any hole after the accident (he was down the road with a shattered pelvis and dislocated

---

[4] While the Seventh Circuit has not weighed in on whether an unsworn declaration, under the new version of Federal Rule 56, can be used in opposition to summary judgment, district courts continue to require that unsworn declarations at least comply with 28 U.S.C. § 1746 (i.e., be subscribed "under penalty of perjury") to enter the summary judgment calculus. *Jajeh v. Cnty. of Cook*, 678 F.3d 560, 567–68 n.4 (7th Cir. 2012). The letter submitted by Greg Touchette—who claims to have worked for Wagner removing road work on the bridge before April 5, 2011—contains no such subscription.

4

shoulder), but his description of the accident raises a reasonable inference that some gap in the deck surface cause the accident:

> …the whole front end was shuddering. Then, when the back tire hit the end of the cut-out, it made the whole bike come up. I literally remember riding my front tire. First, I didn't realize the whole rear end of my bike was coming up. I just thought my wife was pushing on me. Then I realized that the whole bike was being inverted.

(Doc. 17-2, 19). Whether Gary Webb drove over a cut-out left by workers or a pothole awaiting repairs is unclear, but such a factual determination is impermissible at the summary judgment stage. *See Marqui v. Rock River Cos.*, **No. 01 C 50179, 2003 U.S. Dist. LEXIS 43, at \*5–6 (N.D. Ill. Jan. 3, 2003) (summary judgment improper when defendant had paved a road and there was evidence plaintiff's motorcycle hit an uneven spot, even though plaintiff—who testified that he hit something in the road—could not tell "for sure" why he fell).**

Plaintiffs also point to the deposition of Gary Gotto, a union laborer who worked for Wagner on the 2011 bridge project. Though Gotto did not start working on the bridge until mid-April—after the Webbs' collision—he describes an early April incident in which he "carded" workers who were present on the bridge:

> We call it scabbing, because they don't hire our laborers. They hire their own laborers. And since the bridge is 50/50, you have got to have half of our people [presumably union workers] and half of their people, so they were out there tearing the bridge up two to three weeks prior to me even being there. I had went across the bridge and felt thump, thump, thump … And so I looked over and I seen lights, so I stopped and carded them and found out it was Wagner.

(Doc. 25, 12). Those workers "were roto milling. Running the machine to tear up the [epoxy] to get it started." (Doc. 25, 13). Plaintiffs' other evidence may be rife with hearsay and other inadmissible evidence, but those parts of Gotto's deposition are made on personal knowledge and would be admissible.

5

Based on Gotto's testimony, a reasonable jury could infer Wagner was working on the Poplar Street Bridge before April 5, 2011. *See Bourgonje v. Machev*, **841 N.E.2d 96, 106 (Ill. Appt. Ct. 2005) (summary judgment improper when material facts relating to defendant's duty exist).** And based on Plaintiff's testimony, a reasonable jury could infer his motorcycle struck an unmarked cut-out left by construction workers—in other words, that Wagner's breach of duty proximately caused the Webbs' injuries.

Defendant's Motion for Summary Judgment (**Doc. 17**) is accordingly **DENIED**.

### CONCLUSION

For the foregoing reasons, Defendant's summary judgment motion (**Doc. 17**) is **DENIED**.

The case remains set for a Final Pretrial Conference on Friday, December 6, 2013 at 10:00 a.m. The parties may submit the Final Pretrial Order at Friday's conference (though they should also submit it to the Court's proposed documents inbox that morning).

The Court notes that Plaintiffs' responses to Defendant's motions in limine are, by standing order, due fourteen calendar days before trial—yesterday. *See Judge Michael J. Reagan Case Management Procedures*, http://www.ilsd.uscourts.gov/documents/Reagan.pdf. Because of the recent two-day challenge to the Court's jurisdiction, however (*see* Doc. 30), the Court will allow an extra two days—until December 4, 2013—for Plaintiffs to submit their responses.

**IT IS SO ORDERED.**

**DATE: December 3, 2013**         s/ *Michael J. Reagan*
                                                            **MICHAEL J. REAGAN**
                                                            United States District Judge